

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUKHJINDER SINGH, | No.  13-73566 |
| Petitioner, | Agency No. A098-041-344 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2016[**]
San Francisco, California

Before:  GOULD and BERZON, Circuit Judges, and SESSIONS,[***] District Judge.

Sukhjinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order affirming the decision of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Immigration Judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ found Singh credible and found that he was the subject of past persecution on account of his political opinion. Singh, a Sikh from the Indian state of Punjab, belongs to the Shiromani Akali Dal Amritsar political party—a party that advocates the creation of a separate Sikh state. The IJ concluded, however, that the government rebutted the presumption of a well-founded fear of future persecution because Singh could safely and reasonably relocate elsewhere in India. The IJ also determined that Singh did not warrant humanitarian asylum, did not establish his eligibility for withholding of removal, and was not eligible for CAT relief. The BIA affirmed.

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Jiang v. Holder*, 611 F.3d 1086, 1091 (9th Cir. 2010). We review for abuse of discretion the agency's denial of humanitarian asylum. *Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the BIA's determination that the government rebutted the presumption of a well-founded fear of future persecution by demonstrating that Singh could safely and reasonably relocate outside of Punjab. Reports from the United States Department of State and from foreign governments

2

reflect that Sikhs occupy high-level positions within the government of India and that there are many Sikh communities throughout India. The record also contains evidence that Punjabi Sikhs are not required to register with police in the area of relocation unless under court order and that police lack interest in pursuing low-level political party members who relocate. Singh's age and past relocation history provide further evidence of the reasonableness of relocation. *See* 8 C.F.R. § 1208.13(b)(3).

The BIA also did not abuse its discretion in denying humanitarian asylum. *See Vongsakdy v. INS*, 171 F.3d 1203, 1205 (9th Cir. 1999) (humanitarian asylum based on the severity of past persecution is "reserved for rare situations of 'atrocious' persecution"); *Marcu v. INS*, 147 F.3d 1078, 1080, 1082–83 (9th Cir. 1998).

Because substantial evidence supports the denial of Singh's asylum claim, substantial evidence also supports the denial of his claim for withholding of removal. *See Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008) ("When the government rebuts an applicant's well-founded fear of future persecution, it defeats the applicant's asylum claim, *and* his or her claim for withholding of removal.").

Substantial evidence also supports the BIA's conclusion that Singh is not entitled to CAT relief, particularly in light of Singh's ability to reasonably relocate.

*See* 8 C.F.R. § 1208.16(c)(3)(ii) (stating that evidence of the ability to relocate is relevant in determining eligibility for CAT relief).

**PETITION FOR REVIEW DENIED.**